**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                                          **CASE NO: 5:13-cr-26-Oc-PRL**

**THOMAS W. HARTER**
_____/

**ORDER**

On August 6, 2013, this case came before the Court for a hearing on several pending motions, including Defendant's motion to suppress evidence, entitled "Defendant's Motion to Suppress Evidence Derived from Immunized Testimony and Motion in Limine #1 (Kastigar) with Request for Pre-Trial and/or *Voir Dire* Hearing Outside the Presence of the Jury." (See Doc. 31).

With respect to this motion, the Defendant, Dr. Thomas W. Harter, DMD, relies on the Supreme Court's decision in Kastigar v. United States, 406 U.S. 441 (1972), which provides that where a defendant demonstrates that he testified under a grant of immunity, to matters related to his current prosecution, then the government must show that the evidence it obtained in its current prosecution is from an independent source – that is, a source independent of the immunized testimony. Here, Defendant contends that this Court should suppress all evidence derived from his purportedly "compelled and immunized testimonial communications" that he made via affirmative defenses that *he* asserted in a separate civil state court foreclosure action in which he was a defendant. See SunTrust Bank v. Dr. Harter & Associates, PLLC, Sandcoral, LLC, and Dr. Thomas W. Harter, DMD, Case No. 42-2011-CA-002325, Circuit Court of Marion County, Florida. He alleges, more specifically, that because he asserted that the plaintiff in that state court action engage in usury, pursuant to Fla. Stat. § 687.071(6) (which is Florida's

criminal usury and loan sharking statute) his affirmative defenses were compelled and immunized testimony, and, as a result, the United States must now show, in its case against him for failing to file tax returns under 26 U.S.C. § 7203, that it has not used his purportedly compelled testimonial communications in any respect to establish the evidence it plans to use at trial.

In response, the United States argues that Fla Stat. § 687.071 provides authority for state officials, not private litigants, to invoke the immunity provision in the statute, and that there could not have been any grant of immunity in the civil foreclosure action in which the Defendant raised his affirmative defense of usury.  State v. Schell, 222 So.2d 757, 758 (Fla. 2nd DCA 1969); Jones v. State, 54 So.3d 589 (Fla. 4th DCA 2011) (discussing a similar immunity statute, "case law makes it clear that the purpose of the statute is to aid the state; a defendant cannot immunize a witness in order to secure the witness's compulsory testimony.").  The Government also argues that the Defendant did not actually provide any immunized testimony, citing the Defendant's steadfast refusal to provide or produce any testimony or documents.  (Exhibits A-D to Doc. 32.)  Finally, the Government argues that any alleged immunized testimony in the civil mortgage foreclosure action would not relate to the federal prosecution.  The rule announced in Kastigar applies only where the "defendant demonstrates that he has testified, under a grant of immunity, to matters related to the federal prosecution." 406 U.S. at 459.

The Court finds, as an initial and dispositive matter, that Fla. Stat. § 687.071(6) is inapplicable, and, therefore, does not entitle Defendant to immunity of any sort or, further, to a Kastigar hearing.  The statute relates to criminal usury and loan sharking, and applies to grants of immunity and testimony provided in the context of the statute.  The plain language of subsection (6) of the statute begins by limiting the immunity to testimony or documents provided in the

context of the statute itself: It begins, for example, by explicitly stating that "[n]o person shall be excused from attending and testifying or producing any books, papers or other document before any court *upon any investigation, proceeding, or trial, for any violation of this section . . . .*" Fla. Stat. § 687.071(6) (emphasis added). A plain reading of this opening phrase makes clear, then, that unless an individual is providing testimony or documents "upon any investigation, proceeding, or trial, for any violation of this section," this statutory provision is inapplicable. Defendant has made no showing – or argument – that his affirmative defenses, made by him against a civil litigant in a state foreclosure action, satisfy this initial requirement. And, he cites to no case law suggesting it would.[1]

Subsection (6) of the statute goes on to discuss the nature of the immunity insofar as it states that "no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing *concerning which* he or she may so testify or produce evidence, documentary or otherwise, and no testimony *so given* or produced shall be received against the person upon any criminal investigation or proceeding." Fla. Stat. § 687.071(6) (emphasis added). Thus, as a further limiting matter, this provision only prohibits the use of testimony or information that concerns the testimony or documents provided. But here, even if Defendant could get past the initial hurdle of showing that this statutory provision was even triggered, he does not show how the very limited assertions raised as affirmative defenses in his civil matter concern, in any reasonable way, the federal government's current investigation.

---

[1] Indeed, the following language in State v. Powell, 343 So.2d 892, 894 (1st DCA 1977) (which was limited on other grounds by D'Amato v. Morphnios, 381 So.2d 1355 (Fla. 1980)) supports the Court's limited reading of the statute: "The foregoing statute relates only to immunity arising out of an investigation, proceeding or trial under s 687.071, Fla. Stat. 1973, the section dealing with usury, loansharking, or shylocking."

Furthermore, Defendant has failed to meet the requirements outlined in Kastigar. In his own words, Defendant provided "testimonial communications." (Doc. 31 at 1.) Counsel for Defendant represented that these communications amounted to raising issues in the civil court proceeding, and did not include sworn testimony or production of documents. Significantly, the alleged "testimonial communications" occurred within the context of a civil mortgage foreclosure action between two private parties, and in which the Defendant was a civil defendant. Defendant does not claim that the communications were made under an actual grant of immunity by a governmental entity.

Defendant also fails to show that any testimony he provided in the civil foreclosure matter is related in any way to his tax charges in this case. Counsel for Defendant conceded that any attempted showing would be mere speculation.

Accordingly, upon due consideration, and for the reasons stated herein and at the hearing (which are incorporated by reference), it is ordered that:

(1) Defendant's Motion in Limine #1 Kastigar with Request for a Pre-Trial and/or Voir Dire Hearing Outside of the Presence of the Jury (Doc. 31) is DENIED;

(2) Defendant's Motion for Direct Attorney Participation in Voir Dire of the Jury and for Individualized Sequestered Inquiry (Doc. 48) is DENIED, as the Court will examine prospective jurors consistent with Fed. R. Crim. P. 24, and, as set forth in the Court's scheduling order, the parties may submit further questions that the Court may ask if it considers them proper; and,

(3) Defendant's Motion in Limine #2 to Exclude Evidence of Other Alleged Bad Acts or Conduct with Request for a Pretrial and/or Voir Dire Hearing Outside of the Presence of the Jury (Doc. 26) and Motion in Limine #3 to Exclude the Prosecution's Exhibits

with Request for a Pre-Trial and/or Voir Dire Hearing Outside of the Presence of the Jury (Doc. 36) shall be carried with the case.

**IT IS SO ORDERED** in Ocala, Florida, on August 7, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties